# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11-cv-172-RJC

| | |
|---|---|
| TERRY ALLEN SHEHAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TONYA LINDSEY, Polk County Detective; )<br>DONALD HILL, Polk County Sheriff, )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, originally filed on September 27, 2010 in the Eastern District of North Carolina. (Doc. No. 1). By Order dated July 13, 2011, such action was transferred to this Court. (Doc. No. 6).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff contends that on March 30, 2010 he was arrested by Defendant Lindsey and charged with three counts of statutory rape. (Doc. No. 1 at 3). The following day, Plaintiff was allegedly charged with sixty-seven additional counts of statutory rape. (Id.). Plaintiff contends that he has "been impotent since 2004" and claims that he is innocent. (Id.).

Plaintiff also filed a Motion for Amercement[1] in which Plaintiff "seeks that Respondents and her/his sureties remit the sum of two hundred fifty thousand dollars to [Plaintiff's] address." (Doc. No. 2 at 3). Plaintiff attached an affidavit to his Motion for Amercement in which he contends that on March 31, 2010, Defendant Lindsey "swore out 3 warrants and did charge and

---
[1]The Supreme Court has described amercements as "the medieval predecessors of fines." United States v. Bajakajian, 524 U.S. 321, 335 (1998).

arrest [him] for statutory rape."  (Id. at 4).  "The following day Det. Lindsey filed 67 additional charges of statutory rape . . . ."  (Id.).  As a result of the additional charges, Plaintiff's bond was increased.  (Id.).  Plaintiff alleges that after his bond was increased, some of the charges were dropped, but his bond was not reduced.  (Id.).  Plaintiff contends that Defendant Lindsey's "conduct cause[d] [Plaintiff] to be deprived of [his] liberty and be sent to prison."  (Id.).

By way of relief, Plaintiff asks that this Court 1) "ensure that [he] recover all actionable civil liability that the law allows for the wrongs that were done to [him]", 2) " issue or o[r]der a Federal investigation against Polk County Law Enforcement officials" and 3) "issue their license be taken away."  (Id.).

## II.   STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law.  Section 1983 applies to violations of federal constitutional rights, as well as certain limited  federal statutory rights.  See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee.  Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof.  28 U.S.C. § 1915A(b).  The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's Complaint shall be dismissed because Plaintiff has failed to state a

claim for relief.[2]

## III. DISCUSSION

### A. Defendant Hill

Plaintiff does not allege any personal conduct by Defendant Hill. It appears Plaintiff has named Defendant Hill because he is Defendant Lindsey's superior. However, the doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of the defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitian Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982) (abrogated on other grounds by County of Riverside v. McLaughlin, 500 U.S. 44 (1991)). There are no statements in Plaintiff's Complaint alleging personal conduct by Defendant Hill or that Defendant Lindsey acted pursuant to Defendant Hill's policies or customs. Consequently, Plaintiff's claims against Defendant Hill are dismissed.

### B. Defendant Lindsey

Plaintiff does not allege any specific constitutional violation as to Defendant Lindsey. Plaintiff alleges that Defendant Lindsey "swore out warrants and arrested him." (Doc. No. 2 at 4). Plaintiff further alleges that Defendant Lindsey filed additional charges against him and went "before a grand jury and obtain[ed] indictments" charging Plaintiff with statutory rape. (Id.).

---

[2] Pertinent to this case, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(B)(1), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct 1937, 1949 (2009) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

To the extent that Plaintiff's Complaint can be construed to contain allegations of false imprisonment or malicious prosecution, such claims must fail. With respect to false imprisonment, Plaintiff has failed to allege facts showing that he suffered an unlawful seizure. See Figg v. Schroeder, 312 F.3d 625, 642 (4th Cir. 2002) (noting that a plaintiff alleging false imprisonment under 42 U.S.C. § 1983 "must prove the illegality of the seizure").

A malicious prosecution claim requires both an unreasonable seizure and a favorable termination of the criminal proceeding. See Snider v. Lee, 584 F.3d 193, 199 (4th Cir. 2009) ("While it is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution, if there is such a right, the plaintiff must demonstrate both an unreasonable seizure and a favorable termination of the criminal proceeding flowing from the seizure."). Plaintiff's allegations suggest no Fourth Amendment violation regarding his seizure. Indeed, Plaintiff states that he was arrested pursuant to a warrant, which he does not challenge, and that he was later indicted by a grand jury, which he also does not challenge other than to allege his innocence. (Doc. No. 1 at 4). Further, Plaintiff has failed to allege that the criminal proceedings have been terminated in his favor, although it appears that Plaintiff is no longer incarcerated. (Doc. No. 5 at 1-2).

In sum, Plaintiff's allegations against Defendants Hill and Lindsey do not state a claim upon which relief may be granted. Therefore, Plaintiff's Complaint must be dismissed in its entirety. Plaintiff's Motion for Amercement, seeking monetary relief resulting from Defendants' alleged wrongful conduct, is therefore denied.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED that**:

(1) Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** for failure to state a claim for

relief;

(2)  Plaintiff's Motion for Amercement (Doc. No. 2) is **DENIED**.

Signed: September 9, 2011

Robert J. Conrad, Jr.
Chief United States District Judge